1   James A. Dumas (SBN 76284)
Christian T. Kim (SBN 231017)
2   DUMAS & KIM, APC
3435 Wilshire Boulevard, Suite 990
3   Los Angeles, California 90010
Phone:  213-368-5000
4   Fax:    213-368-5009

5   Attorneys for Plaintiff,
Union & Grattan Properties, LLC
6   Petitioning Creditor

7               **UNITED STATES BANKRUPTCY COURT**

8               **CENTRAL DISTRICT OF CALIFORNIA**

9                   **LOS ANGELES DIVISION**

| | |
|---|---|
| 10 In re: | Case No: 2:18-bk-22799-BB |
| 11 | [Chapter 7] |
| 12 BRICKS HOSPITALITY GROUP, L.L.C., | Judge: Honorable Sheri Bluebond |
| 13        Debtor. | Adversary No.: 2:19-ap-01409-BB |
| 14 | |
| 15 | **AMENDED PROOF OF SERVICE OF 1) SUMMONS AND NOTICE OF STATUS CONFERENCE; 2) FREE LEGAL HELP FORMS; 3) COMPLAINT FOR DISALLOWANCE OF SECURED CLAIM; AND 4) ADVERSARY PROCEEDING COVER SHEET** |
| 16 UNION & GRATTAN PROPERTIES, LLC, for and on behalf of the bankruptcy estate of Bricks Hospitality Group, L.L.C., | |
| 17 | |
| 18        Plaintiff, | |
| 19 | |
| 20            v. | **Date:   November 19, 2019** |
| 21 BENJAMIN AN, an individual, | **Time:  2:00 p.m.** |
| 22        Defendant. | **Place:  255 E. Temple Street** |
| 23 | **Courtroom 1539** |
| 24 | **Los Angeles, California, 90012** |

25

26

27

28

| In re:  BRICKS HOSPITALITY GROUP, LLC<br>Union & Grattan Properties v. Benjamin An | CHAPTER:  7 |
|---|---|
| | CASE NUMBER: 2:18-bk-22799-BB |
| Debtor(s). | ADV. CASE NUMBER: 2:19-ap-01409-BB |

# AMENDED PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 3435 Wilshire Blvd., Ste. 990, Los Angeles, CA 90010.
A true and correct copy of the foregoing document entitled (*specify*): *__1) Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004-1], 2) Free Legal Help Forms 3) Complaint for Disallowance of Secured Claim; and 4) Adversary Proceeding Cover Sheett__* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___*September 19, 2019*___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Wesley H Avery (TR)    wes@averytrustee.com, C117@ecfcbis.com;lucy@averytrustee.com;Isabel@averytrustee.com
Christian T Kim    ckim@dumas-law.com, ckim@ecf.inforuptcy.com
James A Dumas    jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
                                                                 ☐ Service information continued on attached page
2.  **SERVED BY UNITED STATES MAIL**:
On (*date*) ___*September 19, 2019*___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Benjamin An
c/o Law offices of Steven J. Barkin
3700 Wilshire Blvd., Ste. 950
Los Angeles, CA 90010

Victor A Sahn
333 S Grand Ave Ste 3400
Los Angeles, CA 90071

United States Bankruptcy Court
Honorable Sheri Bluebond
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, CA 90012
                                                                 ☐ Service information continued on attached page
3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___*September 19, 2019*___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
                                                                 ☐ Service information continued on attached page
I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| ___*September 19, 2019*___ | Danielle M. Landeros | */s/ Danielle M. Landeros* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**

# FREE LEGAL HELP

A creditor has sued you in bankruptcy court. You were served with a Summons and Complaint, and you must now file an Answer. If you do not file an Answer on time, the court may enter a default judgment against you. This means that your debt may not be discharged and you will be responsible for paying it back.

## IF YOU CAN NOT AFFORD AN ATTORNEY, FREE LEGAL HELP MAY BE AVAILABLE.

For more information, call:

### Public Counsel's

### Debtor Assistance Project Hotline

### (213) 385-2977, ext. 704



35TH ANNIVERSARY

THE PUBLIC INTEREST LAW OFFICE OF THE LOS ANGELES COUNTY AND BEVERLY HILLS BAR ASSOCIATIONS

# AYUDA LEGAL GRATUITA

Su acreedor le ha demandado en la corte de bancarrota. Usted recibió la demanda, llamada "Summons" y "Complaint." Usted debe archivar una respuesta a la demanda en la corte. Si no archiva la respuesta a tiempo, la corte puede decidir en su contra. Si eso sucede, la deuda no se descargará en su caso de bancarrota y Usted será responsable por pagar al acreedor.

## SI LE FALTAN RECURSOS PARA CONTRATAR A UN ABOGADO, LLAME A LA LINEA DE AYUDA LEGAL GRATUITA.

Para mas información, llame al:

### Proyecto de Ayuda al Deudor
### de
### Public Counsel

### (213) 385-2977, ext. 704



**35TH ANNIVERSARY**

THE PUBLIC INTEREST LAW OFFICE OF THE LOS ANGELES COUNTY AND BEVERLY HILLS BAR ASSOCIATIONS

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Christian T Kim<br>Dumas & Assoc<br>3435 Wilshire Blvd Ste 990<br>Los Angeles, CA 90010<br><br>213-368-5000<br><br><br><br><br>_Plaintiff or Attorney for Plaintiff_ | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| In re:<br><br>Bricks Hospitality Group, L.L.C.<br><br><br><br>Debtor(s). | CASE NO.: 2:18-bk-22799-BB<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: 2:19-ap-01409-BB |
|---|---|
| Union & Grattan Properties, LLC<br><br>Plaintiff(s)<br>Versus<br>Benjamin An<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is **10/17/2019.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **November 19, 2019** |
| **Time:** | **02:00 PM** |
| **Hearing Judge:** | **Sheri Bluebond** |
| **Location:** | **255 E Temple St., Crtrm 1539, Los Angeles, CA 90012** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**


KATHLEEN J. CAMPBELL
CLERK OF COURT


Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>September 17, 2019</u>


By: ____<u>"s/" Wendy Ann Jackson</u>____

Deputy Clerk



---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                         Page 2                         **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On *(date)* _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____     _____     _____
Date                 Printed Name                 Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                               **F 7004-1.SUMMONS.ADV.PROC**

James A. Dumas (SBN 76284)
Christian T. Kim (SBN 231017)
DUMAS & KIM, APC
3435 Wilshire Boulevard, Suite 990
Los Angeles, California 90010
Phone:   213-368-5000
Fax:      213-368-5009

Attorneys for Plaintiff,
Union & Grattan Properties, LLC
Petitioning Creditor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>BRICKS HOSPITALITY GROUP, L.L.C.,<br><br>     Debtor.<br><br>UNION & GRATTAN PROPERTIES, LLC, for and on behalf of the bankruptcy estate of Bricks Hospitality Group, L.L.C.,<br><br>     Plaintiff,<br><br>     v.<br><br>BENJAMIN AN, an individual,<br><br>     Defendant. | Case No: 2:18-bk-22799-BB<br><br>[Chapter 7]<br><br>Adversary No.:<br><br>**COMPLAINT FOR DISALLOWANCE OF SECURED CLAIM** |

Plaintiff, Union & Grattan Properties, LLC ("U&G" or "Plaintiff") as and for its complaint against defendant, Benjamin An ("An" or "Defendant") alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this complaint ("Complaint"), for and on behalf of the bankruptcy estate of Bricks Hospitality Group, L.L.C. ("Estate"), pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and sections 502 and 506 of Title 11 of the United States Code ("Bankruptcy

1

1    Code") and other applicable laws to disallow certain amounts claimed by the Defendant and/or to

2    determine the extent of their respective liens or other interests in property of the Estate.

3         2.    Plaintiff is informed and believes and thereon alleges that, Defendant claims to be the

4    holder of the second and fifth priority trust deed liens against real property of the Estate located at

5    1529-1555 West Olympic Boulevard, Los Angeles, California [APN: 5137-003-024] ("Property") in

6    the combined amount of $3,300,000, as of March 20, 2019.

7

8                                   **JURISDICTION**

9         3.    This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C.

10   §§157(a) and 1334(b). This adversary proceeding arises in and relates to the chapter 7 case, currently

11   pending before the United States Bankruptcy Court for the Central District of California [Los

12   Angeles Division] ("Court"), entitled, In re Bricks Hospitality Group, LLC, Case No. 2:18-bk-22799-

13   BB ("Bankruptcy Case").

14        4.    Plaintiff consents to entry of final orders or judgments by the Court.

15        5.    Venue in this Court is proper pursuant to 28 U.S.C. §1409 as this adversary

16   proceeding arises in and relates to the Bankruptcy Case pending in Los Angeles Division of the

17   Central District.

18

19                                     **VENUE**

20        6.    Wesley H. Avery is the duty appointed interim chapter 7 trustee ("Trustee") of the

21   Estate. The Trustee has consented to and authorized Plaintiff to prosecute the claims of the Estate

22   against the Defendant.  An order approving a stipulation to allow the Plaintiff to prosecute the claims

23   of the Estate against the Defendant was entered in the Bankruptcy Case on August 28, 2019 (docket

24   no. 138).

25        7.    Plaintiff is, and at all times mentioned herein was, a California limited liability

26   company with its principal place of business located at 1321 South Berendo Street, Unit B, Los

27   Angeles, California 90006.

28        8.    Plaintiff is informed and believes and, based thereon, alleges that Defendant is an

                                        2

1  individual residing in the State of California, County of Los Angeles.

2

3  **PROCEDURAL BACKGROUND**

4  9.  On October 31, 2018, an "Involuntary Petition Against A Non-Individual" was filed

5  against Debtor by U&G commencing the Bankruptcy Case.

6  10.  On December 17, 2018, the United States Trustee caused to be issued an "Order (i)

7  For Relief In Involuntary Chapter 7 Case, (ii) To File Schedules, Statements and List(s) And (iii)

8  Continuing Status Conference."

9  11.  On December 21, 2018, the Trustee caused to be filed a "Notification of Asset Case

10  and Request for Claims Bar Date [Fed. R. Bankr. P. 3002(c)(5)]."

11  12.  The Plaintiff filed a complaint to commence the pending adversary proceeding, Union

12  & Grattan Properties, LLC v. Admire Capital Lending, LLC, et. al. (Adv. 2:19-ap-01021-BB)

13  ("Admire AP") on January 25, 2019, seeking to disallow the claim of the Defendant (and others), an

14  accounting and declaratory relief.  At the time the said complaint was filed, the Defendant had yet to

15  file a proof of claim in the Bankruptcy Case.

16  13.  The Defendant filed a proof of claim in the Bankruptcy Case on March 20, 2019,

17  Claim No. 3, asserting a secured claim against the Property in the amount of $3,300,000 ("An POC").

18  A true and correct copy of the An POC is attached hereto as **Exhibit 1**.

19  14.  On August 16, 2019, the Court entered an order granting Admire Capital Lending,

20  LLC's ("Admire") motion to dismiss, but with leave to amend.  Per the terms of the order, the

21  Plaintiff has commenced this separate adversary proceeding against the Defendant independent of the

22  Admire AP.

23

24  **GENERAL ALLEGATIONS PERTAINING TO CLAIM OF DEFENDANT AN**

25  15.  Plaintiff is informed and believes and, based thereon, alleges that on or about August

26  24, 2017, a promissory note was executed by Chris Lim, Manager, on behalf of Debtor, in favor of

27  Defendant An in the principal amount of $2.2 million.  The $2.2 million promissory note is secured

28  by the Property as memorialized in that certain "Short Form Deed Of Trust And Assignment Of

3

1   Rents" ("An First DOT"), dated August 24, 2017. The An First DOT was recorded with the Los

2   Angeles County Registrar-Recorder/County Clerk on September 11, 2017, as Instrument NO.

3   20171024892. A true and correct copy of the An First DOT is attached to the An POC (attached to

4   the Complaint).

5        16.    Plaintiff is informed and believes and, based thereon, alleges that on or about

6   September 20, 2017, a promissory note was executed by Chris Lim, Manager, on behalf of Debtor, in

7   favor of Defendant in the principal amount of $1.1 million. The $1.1 million promissory note is

8   secured by the Property as memorialized in that certain "Short Form Deed of Trust And Assignment

9   Of Rents" ("An Second DOT"), dated September 20, 2017. The An Second DOT was recorded with

10  the Los Angeles County Registrar-Recorder/County Clerk on September 22, 2017, as Instrument No.

11  20171087532. A true and correct copy of the An Second DOT is attached to the An POC (attached to

12  the Complaint).

13

14  **FIRST CLAIM FOR RELIEF**

15  **(Disallowance of Claim– 11 U.S.C. §§502(b)(1) and/or 506(b))**

16       17.    Plaintiff realleges and incorporates by reference each and every allegation contained in

17  paragraphs 1 through 16, inclusive, of this Complaint.

18       18.    Defendant asserts a claim against the Estate, secured by the fifth priority trust deed

19  lien against the Property in the estimated amount of $1.1 million. The exact amount of such secured

20  claim has yet to be ascertained.

21       19.    Plaintiff is informed and believes and, based thereon, alleges that Defendant did not

22  loan the Debtor $1.1 million or any other sum in connection with the fifth priority trust deed lien, and

23  Defendant did not provide Debtor with any valuable consideration in return for the conveyance of the

24  fifth priority trust deed lien.

25       20.    At the present time, there is no basis for Plaintiff/Estate or the Court to determine

26  whether additional grounds exist to support the disallowance of a portion of Defendant An's secured

27  claim pursuant to 11 U.S.C. §§502(b)(1) and/or 506(b).

28       21.    Defendant's secured claim must be disallowed pursuant to 11 U.S.C. §502(b) to the

1    extent it is not enforceable under any agreement or applicable law, and pursuant to 11 U.S.C. §506(b)

2    to the extent it includes any costs, fees or charges that are not reasonable.

3

4                                    **RESERVATION OF RIGHTS**

5        22.    Plaintiff is the petitioning creditor and brings this Complaint for and on behalf of the

6    Estate.  As a result, Plaintiff does not have personal knowledge of certain facts alleged in the

7    Complaint, and therefore alleges those facts based on information and belief.  Plaintiff reserves its

8    right to amend this Complaint to allege additional claims against Defendant.

9

10                                    **PRAYER FOR RELIEF**

11       Plaintiff prays for judgment against Defendant as follows:

12       1.    Disallowance of all or a portion of Defendant An's claim;

13       2.    For costs of suit;

14       3.    For such other relief as the Court deems just and proper.

15

16   Dated: September 16, 2019                    DUMAS & KIM, APC

17

18                                    By: _____
                                         Christian T. Kim, Attorneys for Plaintiff
19                                       Union & Grattan Properties, LLC

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

# EXHIBIT "1"

**Fill in this information to identify the case:**

Debtor 1    BRICKS HOSPITALITY GROUP, LLC

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  Central District of California

Case number  2:18-bk-22799

## Official Form 410
# Proof of Claim

4/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

BENJAMIN AN

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

LAW OFFICES OF STEVEN J. BARKIN
Name
3700 Wilshire Boulevard, Suite 950
Number    Street
Los Angeles          CA        90010
City              State          ZIP Code

Contact phone 213-232-1666

Contact email stevenbarkin@gmail.com

Where should payments to the creditor be sent? (if different)

Name
_____
Number    Street
_____
City              State          ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____    Filed on ___/___/____
                                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $_____3,300,000.00_. Does this amount include interest or other charges?

☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:**    DEEDS OF TRUST _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:    $ 30,000,000.00
Amount of the claim that is secured:    $ 3,300,000.00
Amount of the claim that is unsecured: $_____0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $_____34,000,000.00

Annual Interest Rate (when case was filed)_0.00 %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. *Check all that apply:* | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

**If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.**

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  03/20/2019
                  MM / DD / YYYY

Signature _____

Print the name of the person who is completing and signing this claim:

| Name | STEVEN | J | BARKIN |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | ATTORNEY | | |
| Company | LAW OFFICES OF STEVEN J. BARKIN | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 3700 WILSHIRE BOULEVARD, SUITE 950 | | |
| | Number     Street | | |
| | LOS ANGELES | CA | 90010 |
| | City | State | ZIP Code |
| Contact phone | 213-232-1666 | Email | stevenbarkin@gmail.com |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
3700 Wilshire Boulevard, Suite 950, Los Angeles, CA 90010

A true and correct copy of the foregoing document entitled (specify): Proof of Claim
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 03/20/2019_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
   Varand Gourjian, Gourjian Law Group, PC: varand@gourjianlaw.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (date) 03/20/2019_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
   Honorable Sher Bluebond, Judge United Stes Bankruprcy Court
   Central District of California
   225 E. Temple Street, Suite 1534
   Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

03/20/2019   STEVEN J. BARKIN_____   /s/ Steven J. Barkin_____
Date           Printed Name                              Signature

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                        **F 9013-3.1.PROOF.SERVICE**

Case 2:19-ap-01409-BB    Doc 5    Filed 09/19/19    Entered 09/19/19 15:05:46    Desc
Main Document    Page 18 of 29
Case 2:19-ap-01409-BB    Doc 1    Filed 09/16/19    Entered 09/16/19 16:42:30    Desc
Main Document    Page 11 of 22
Case 2:18-bk-22799-BB    Claim 3 Part 2    Filed 03/20/19    Desc Exhibit Deed of Trust
Page 1 of 5

**This page is part of your document - DO NOT DISCARD**



**20171024892**

Pages:
0005

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**09/11/17 AT 08:00AM**

| | |
|---|---|
| FEES: | 52.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 52.00 |



**LEADSHEET**



201709110120008

**00014216949**



008579150

**SEQ:**
**05**

**DAR - Title Company (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**

T01

Case 2:19-ap-01409-BB   Doc 5   Filed 09/19/19   Entered 09/19/19 15:05:46   Desc
Main Document   Page 19 of 29
Case 2:19-ap-01409-BB   Doc 1   Filed 09/16/19   Entered 09/16/19 16:42:30   Desc
Main Document   Page 12 of 22
Case 2:18-bk-22799-BB   Claim 3 Part 2   Filed 03/20/19   Desc Exhibit Deed of Trust
Page 2 of 5



**RECORDING REQUESTED BY:**
Chicago Title Company

**AND WHEN RECORDED MAIL TO:**

Benjamin An
870 Norton Avenue #1
Los Angeles, CA  90005

---

Escrow No.: [          ]    THIS SPACE FOR RECORDER'S USE ONLY:
Title Order No.: [ 111710210 ]

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

THIS DEED OF TRUST, made August 24, 2017    A.P. #5137-003-024

Bricks Hospitality Group, LLC, a Nevada limited liability company
, herein called Trustor,  whose address is 250 East 1st Street, Suite 402, Los Angeles, CA  90012 and

Chicago Title Company, a California Corporation, herein called Trustee, and Benjamin An, a Single Man herein called BENEFICIARY,

WITNESSETH: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE
that Property In Los Angeles County, California, described as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
Also Known as:  1543 W. Olympic Blvd,, Los Angeles, CA  90015

This deed of trust is second and junior in lien to a deed of trust recording concurrently herewith.

"Should the trustor or his successors in interest, without the consent in writing of the beneficiary, sell, transfer or convey or permit to
be sold, transferred or conveyed, his interest in the property, or any part thereof, then the beneficiary may, at his option, declare all
sums secured hereby immediately due and payable."

TOGETHER WITH  the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right power and authority given to and conferred upon
Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.  For the
Purpose of Securing:  1.  Performance of each agreement of Trustor incorporated by reference or contained herein.  2. Payment of the
indebtedness evidenced by one promissory note of even date herewith, and any extensions or renewal thereof, in the principal sum of
$2,200,000.00 executed by Trustor in favor of Beneficiary or order.  3. Payment of such further sums as the then record owner of said
property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**DATED August 24, 2017**

Bricks Hospitality Group, LLC, a  Nevada limited liability company

By: _____
Chris Lim, Manager

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
On August 24, 2017
before me, Audrey Sobin Kang
A Notary Public personally appeared
Chris Lim

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on
the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____    (Seal)



Case 2:19-ap-01409-BB   Doc 5   Filed 09/19/19   Entered 09/19/19 15:05:46   Desc
Main Document   Page 20 of 29
Case 2:19-ap-01409-BB   Doc 1   Filed 09/16/19   Entered 09/16/19 16:42:30   Desc
Main Document   Page 13 of 22
Case 2:18-bk-22799-BB   Claim 3 Part 2   Filed 03/20/19   Desc Exhibit Deed of Trust
Page 3 of 5

**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that the provisions (1) to (14), inclusive, of the fictitious deed of trust recorded in Santa Barbara County and Sonoma County October 18, 1961, and in all other counties October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| County | Book | Page | County | Book | Page | County | Book | Page | County | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 34 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 389 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| Eldorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 181 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glenn | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 5327 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2 Book 1961 Page 183887 | | | | |

(which provisions, identical in all counties are printed on the reverse hereof) are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

---

## DO NOT RECORD

## REQUEST FOR FULL RECONVEYANCE
### To be used only when note has been paid

To: Chicago Title Company, Trustee:                    Dated:_____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed , on payment to you any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

| MAIL RECONVEYANCE TO | |
|---|---|
| | |
| | |
| | |
| | |

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must
be delivered to the Trustee for cancellation before reconveyance will be made.

Case 2:19-ap-01409-BB    Doc 5    Filed 09/19/19    Entered 09/19/19 15:05:46    Desc
Main Document    Page 21 of 29
Case 2:19-ap-01409-BB    Doc 1    Filed 09/16/19    Entered 09/16/19 16:42:30    Desc
Main Document    Page 14 of 22
Case 2:18-bk-22799-BB    Claim 3 Part 2    Filed 03/20/19    Desc Exhibit Deed of Trust
Page 4 of 5

## DO NOT RECORD

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county of California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

To Protect the Security of This Deed of Trust, Trustor Agrees:

1.    To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and material furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law, to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

2.    To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary.  The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.  Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3.    To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

4.    To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purpose; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

5.    To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

6.    That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such money(ies) received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

7.    That by accepting payment of any sum secured hereby its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

8.    That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

9.    That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder.  The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.  The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

10.    That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine  The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

11    That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record.  Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale  Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement.  Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any convenant or warranty express or implied.  The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of, all sums expended under the terms hereof not then repaid, with accrued interest at the amount allowed by law in  effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

12.    Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties.  Said instrument must contain the name of the original Trustee, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee

13    That this Deed applies to inures, to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby whether, or not named as Beneficiary herein.  In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

14.    That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Case 2:19-ap-01409-BB    Doc 5    Filed 09/19/19    Entered 09/19/19 15:05:46    Desc
Main Document    Page 22 of 29
Case 2:19-ap-01409-BB    Doc 1    Filed 09/16/19    Entered 09/16/19 16:42:30    Desc
Main Document    Page 15 of 22
Case 2:18-bk-22799-BB    Claim 3 Part 2    Filed 03/20/19    Desc Exhibit Deed of Trust
Page 5 of 5

*5*

## EXHIBIT "A"
### Legal Description

For APN/Parcel ID(s):  5137-003-024

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY
OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

Parcel 1:

Lots 16, 17 and those portions of Lots 20, 21 and 22 all of Block "B" of Mrs. Fitzgerald's tract, in the City of
Los Angeles, County of Los Angeles, State of California, as per map recorded in book 24, pages 23 and
24 of Miscellaneous Records, in the  office of the county recorder of Said County, described as follows:

beginning at the most Southerly corner of Said Lot 22; thence Northeasterly along the Southeasterly line of
Said Lot 22, a distance of 50 feet to the most Southerly corner of Lot 5 of Tract No. 158, as per Map
recorded in book 13, page 159 of maps, records of Said County; thence Northwesterly along the
Southwesterly line of Said Lot 5, a distance of 124.79 feet to the most Easterly corner of Lot 3 of Tract No.
158; thence Southwesterly along the Southeasterly line of Said Lot 3, a distance of 50 feet to the
Southwesterly line of Said Lot 20; thence Southeasterly along the Southwesterly lines of said Lots 20, 21
and 22, a distance of 124.76 feet to the point of beginning.

Parcel 2:

Lots 1, 2, 3, 4 and 5  of Tract No. 158, in the City of Los Angeles, County of Los Angeles, State of
California, as per map recorded in book 13, page 159 of maps, in the Office of the county recorder of Said
County.

Except from Lot 3 all oil, gas and other minerals and minerals substances below a plane of 500 feet below
the surface of said Land, but without right of entry above said 500 foot plane, as reserved in the deed from
Ezekiel Caress and Jean M. Caress, his wife, and Rae Elster and Arleen B. Kann, wives of the respective
grantors  therein, recorded January 21, 1964, in book D-2329, page 962, official records.

Case 2:19-ap-01409-BB    Doc 5    Filed 09/19/19    Entered 09/19/19 15:05:46    Desc
Main Document    Page 23 of 29
Case 2:19-ap-01409-BB    Doc 1    Filed 09/16/19    Entered 09/16/19 16:42:30    Desc
Main Document    Page 16 of 22
Case 2:18-bk-22799-BB    Claim 3 Part 3    Filed 03/20/19    Desc Exhibit Deed of Trust
Page 1 of 5



**This page is part of your document - DO NOT DISCARD**

## 20171087532



Pages:
0005

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**09/22/17 AT 08:00AM**

| | |
|---|---|
| FEES: | 52.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 52.00 |



**LEADSHEET**



201709220150043

00014277369



008607926

**SEQ:**
**27**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**                    R26

Case 2:19-ap-01409-BB    Doc 5    Filed 09/19/19    Entered 09/19/19 15:05:46    Desc
Main Document    Page 24 of 29
Case 2:19-ap-01409-BB    Doc 1    Filed 09/16/19    Entered 09/16/19 16:42:30    Desc
Main Document    Page 17 of 22
Case 2:18-bk-22799-BB    Claim 3 Part 3    Filed 03/20/19    Desc Exhibit Deed of Trust
Page 2 of 5

*2*

**RECORDING REQUESTED BY:**

**AND WHEN RECORDED MAIL TO:**

MR. BENJAMIN AN
5042 Wilshire Blvd., #173
Los Angeles, CA 90036


09/22/2017
*20171087532*

THIS SPACE FOR RECORDER'S USE ONLY:

*2T*

### SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

**THIS DEED OF TRUST, made September 20, 2017**                                                  A.P. #6137-003-024

BRICKS HOSPITALITY GROUP, LLC, a Nevada Limited Liability Company, herein called Trustor,
whose address is 250  E. 1st Street, #402, Los Angeles, CA 90012 and

Chicago Title Company, a California Corporation, herein called Trustee, and BENJAMIN AN, a Single Man, herein called BENEFICIARY,

WITNESSETH:  That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE
that Property in Los Angeles County, California, described as:

LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF

Also Known as:  1543  W. Olympic Blvd., Los Angeles, CA 90015

> "Should the trustor or his successors in interest, without the consent in writing of the beneficiary, sell, transfer or convey or permit to be
> sold, transferred or conveyed, his interest in the property, or any part thereof, then the beneficiary may, at his option, declare all sums
> secured hereby immediately due and payable."

TOGETHER WITH  the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right power and authority given to and conferred upon
Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.  For the
Purpose of Securing:   1.  Performance of each agreement of Trustor incorporated by reference or contained herein.  2.  Payment of the
indebtedness evidenced by one promissory note of even date herewith, and any extensions or renewal thereof, in the principal sum of $1,100,000.00
executed by Trustor in favor of Beneficiary or order.  3.  Payment of such further sums as the then record owner of said property may borrow from
Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**DATED September 20, 2017**

BRICKS HOSPITALITY GROUP, LLC
By:

CHRIS LIM, Manager

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA
COUNTY OF  Los Angeles
On  September 20, 2017
before me,  Hyejin Kim
A Notary Public personally appeared
Chris Lim

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

HYEJIN KIM
Commission # 2080945
Notary Public - California
Los Angeles County
My Comm. Expires Sep 7, 2018
(Seal)

Signature

*27*

Case 2:19-ap-01409-BB   Doc 5   Filed 09/19/19   Entered 09/19/19 15:05:46   Desc
Main Document      Page 25 of 29
Case 2:19-ap-01409-BB   Doc 1   Filed 09/16/19   Entered 09/16/19 16:42:30   Desc
Main Document      Page 18 of 22
Case 2:18-bk-22799-BB   Claim 3 Part 3   Filed 03/20/19   Desc Exhibit Deed of Trust
Page 3 of 5

*3*

## EXHIBIT "A"
### Legal Description

**For APN/Parcel ID(s):  5137-003-024**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY
OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

Parcel 1:

Lots 16, 17 and those portions of Lots 20, 21 and 22 all of Block "B" of Mrs. Fitzgerald's tract, in the City of
Los Angeles, County of Los Angeles, State of California, as per map recorded in book 24, pages 23 and
24 of Miscellaneous Records, in the office of the county recorder of said County, described as follows:

Beginning at the most Southerly corner of Said Lot 22; thence Northeasterly along the Southeasterly line
of Said Lot 22, a distance of 50 feet to the most Southerly corner of Lot 5 of Tract No. 158, as per Map
recorded in book 13, page 159 of maps, records of Said County; thence Northwesterly along the
Southwesterly line of Said Lot 5, a distance of 124.79 feet to the most Easterly corner of Lot 3 of Tract No.
158; thence Southwesterly along the Southeasterly line of Said Lot 3, a distance of 50 feet to the
Southwesterly line of Said Lot 20; thence Southeasterly along the Southwesterly lines of said Lots 20, 21
and 22, a distance of 124.76 feet to the point of beginning.

Parcel 2:

Lots 1, 2, 3, 4 and 5 of Tract No. 158, in the City of Los Angeles, County of Los Angeles, State of
California, as per map recorded in book 13, page 159 of maps, in the Office of the county recorder of said
County.

Except from Lot 3 all oil, gas and other minerals and minerals substances below a plane of 500 feet below
the surface of said Land, but without right of entry above said 500 foot plane, as reserved in the deed from
Ezekiel Caress and Jean M. Caress, his wife, and Rae Elster and Arleen B. Kann, wives of the respective
grantors therein, recorded January 21, 1964, in book D-2329, page 962, official records.

Case 2:19-ap-01409-BB    Doc 5    Filed 09/19/19    Entered 09/19/19 15:05:46    Desc
Main Document    Page 26 of 29
Case 2:19-ap-01409-BB    Doc 1    Filed 09/16/19    Entered 09/16/19 16:42:30    Desc
Main Document    Page 19 of 22
Case 2:18-bk-22799-BB    Claim 3 Part 3    Filed 03/20/19    Desc Exhibit Deed of Trust
Page 4 of 5



**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that the provisions (1) to (14), inclusive, of the fictitious deed of trust recorded in Santa Barbara County and Sonoma County October 18, 1961, and in all other counties October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| County | Book | Page | County | Book | Page | County | Book | Page | County | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 34 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 389 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| Eldorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 181 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glenn | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 5327 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2 Book 1961 Page 183887 | | | | |

(which provisions, identical in all counties are printed on the reverse hereof) are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

---

DO NOT RECORD

## REQUEST FOR FULL RECONVEYANCE
### To be used only when note has been paid

To: Chicago Title Company, Trustee:                    Dated:_____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed , on payment to you any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

| MAIL RECONVEYANCE TO | |
|---|---|
| | |
| | |
| | |
| | |

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

Case 2:19-ap-01409-BB   Doc 5   Filed 09/19/19   Entered 09/19/19 15:05:46   Desc
Case 2:19-ap-01409-BB   Main Document   Filed 09/16/19   Page 27 of 29   Entered 09/16/19 16:42:30   Desc
Main Document   Page 20 of 22

Case 2:18-bk-22799-BB   Claim 3 Part 3   Filed 03/20/19   Desc Exhibit Deed of Trust
Page 5 of 5

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county of California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

To Protect the Security of This Deed of Trust, Trustor Agrees:

1.   To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and material furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

2.   To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3.   To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

4.   To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purpose; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

5.   To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

6.   That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such money(ies) received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

7.   That by accepting payment of any sum secured hereby its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

8.   That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may; reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

9.   That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

10.   That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

11.   That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any convenant or warranty express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

12.   Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

13.   That this Deed applies to, inures, to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby whether, or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

14.   That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>UNION & GRATTAN PROPERTIES, LLC, for and on behalf of the<br>bankruptcy estate of Bricks Hospitality Group, L.L.C., | DEFENDANTS<br>BENJAMIN AN, an individual |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Dumas & Kim, APC.  3435 Wilshire Blvd., Ste. 990<br>Los Angeles, CA 90010  TEL: 213/368-5000<br>FAX: 213/368-5009 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor        ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

    COMPLAINT FOR DISALLOWANCE OF SECURED CLAIM

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge – §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

      **(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $   According to Proof |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Bricks Hospitality Group, Inc. | BANKRUPTCY CASE NO.<br>2:18-bk-22799-BB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Honorable Sheri Bluebond |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>UNION & GRATTAN PROPERTIES, LLC | DEFENDANT<br>ADMIRE CAPITAL LENDING, LLC | ADVERSARY<br>PROCEEDING NO.<br>2:19-ap-01021-BB |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Central | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Honorable Sheri Bluebond |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*Christian T. Kim* | | |
| DATE<br><br>September 16, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Christian T. Kim | |

### INSTRUCTIONS

    The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

    A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

    The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.